IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF MISSISSIPPI

IN RE: HAYDEL PROPERTIES, L.P.                              CHAPTER 11
                                                             CASE NO. 12-50048-KMS

BANCORPSOUTH BANK'S
OBJECTION TO FIRST AMENDED DISCLOSURE STATEMENT

COMES NOW BancorpSouth Bank, and pursuant to 11 U.S.C. § 1125(a)(1) objects to approval of the Debtor's First Amended Disclosure Statement and in opposition thereto, shows unto the Court the following, to-wit;

I.

The Debtor has not provided adequate information to enable the Bank to assess the viability of the potential $35,000.00 in funds which it represents to arise out of an eminent domain proceeding. (First Amended Disclosure Statement, p.2). Debtor should identify the basis of its claim and factual documentation supporting its valuation.

II.

The Debtor has not provided adequate information to enable the Bank to assess the viability of a claim for damages arising out of the Deepwater Horizon oil spill, or "BP Claim". (First Amended Disclosure Statement, p.2). This was the subject of a prior Agreed Order [Dkt. #352] resolving the Bank's Objection to the Original Disclosure Statement [Dkt. #339]. Debtor has failed to provide the documentation mandated by that Order. Debtor should provide documentation of its efforts, and an assessment of the loss suffered for each property owned by the Debtor, as well as the use to be made of all proceeds derived from its BP Claim.

III.

The Debtor has not provided adequate information to enable the Bank to assess the

viability of its claim for a reduction in property valuation for ad valorem tax purposes.  (First Amended Disclosure Statement, p.3)   This was the subject of a prior Agreed Order [Dkt. #352] resolving the Bank's Objection to the Original Disclosure Statement [Dkt. #339].  Debtor has failed to provide the assessment of its efforts as required by the Order, or identify which properties it believes to be overvalued on the tax rolls, as required by the Order, or the basis for Debtor's belief that the properties are overvalued, as required by the Order, or documentation of its efforts, as required by the Order.

IV.

The Debtor has failed to provide adequate information to enable the Bank to assess the viability of its claim that rental income will increase as a result of future rental of currently unused inventory.  (First Amended Disclosure Statement, p.3, 26-27).  The Debtor should provide market analysis demonstrating that future demand will support increased utilization of its rental properties.

V.

The Debtor has failed to include past due ad valorem taxes in its calculation of liabilities set forth in the First Amended Disclosure Statement.  (First Amended Disclosure Statement, p.6).  The information is material and its omission results in the Bank being unable to make an informed decision as to whether it should accept the proposed Plan.

VI.

The Debtor has failed to provide adequate information to determine whether the projected rental income, and sales prices, set forth on pages 7 and 8 of its First Amended Disclosure Statement, reflect fair market value of the properties.  If, as the Bank suspects, these projections are overvalued, then the entire basis of the income to be generated is false and the

Plan cannot work.  Debtor should produce current appraisals demonstrating the rental and sales value set forth in the First Amended Disclosure Statement are accurate.

VII.

The information identified herein is necessary to allow a hypothetical investor in the position of the Bank to determine whether it should accept or reject the proposed Plan of Reorganization.  Pursuant to 11 U.S.C. § 1125(a)(1), the Disclosure Statement should not be approved.

Respectfully submitted, this the 4th day of April, 2013.

>BANCORPSOUTH BANK
>
>BY:   PAGE, MANNINO, PERESICH,
>      & McDERMOTT, P.L.L.C.
>
>BY:   /s/ Les W. Smith
>      Les W. Smith, MSB #9659

PAGE, MANNINO, PERESICH
& MCDERMOTT, P.L.L.C.
759 Vieux Marche
P. O. Drawer 289
Biloxi, MS   39533
Telephone No. (228) 374-2100
Facsimile No. (228) 432-5539

CERTIFICATE

I, LES W. SMITH, of the law firm of Page, Mannino, Peresich & McDermott, P.L.L.C., do hereby certify that the following have been served electronically via ECF with a copy of the above BANCORPSOUTH BANK'S, OBJECTION TO FIRST AMENDED DISCLOSURE STATEMENT to:

    Robert Alan Byrd
    rab@byrdwiser.com
    wrs@byrdwiser.com

    Michael L. Fondren
    mlfondren@hotmail.com
    kdcp51@hotmail.com

    Robert Gambrell
    rg@ms-bankruptcy.com
    ecf@ms-bankruptcy.com
    rgecfile@gmail.com

    Laura Ann Henderson-Courtney
    lhc@underwoodlawfirm.com
    lhend@aol.com
    bankruptcies@underwoodlawfirm.com
    scott@underwoodlawfirm.com
    tiffani@underwoodlawfirm.com

    Patrick A. Sheehan
    pat@sheehanlawfirm.com
    tammy@sheehanlawfirm.com
    brittany@gulfcoastlawyer.com
    lisa@gulfcoastlawyer.com

    Christopher James Steiskal
    Christopher.J.Steiskal@usdoj.gov

    United States Trustee
    USTPRegion05.JA.ECF@usdoj.gov

    William P. Wessler
    wwessler@cableone.net

and via U.S. Mail to the following:

Alfonso Realty, Inc.
dba Coldwell Bank Alfonso Realty
625 Courthouse Road
Gulfport, MS   39507

Mark Cumbest
1725 Hwy 63
Moss Point, MS 39562

Jackson County Tax Collector
P.O. Box 998
Pascagoula, MS 39568

Kenneth Jones
Coldwell Banker Commercial Alfonso Realty
625 Courthouse Road
Gulfport, MS   39507

M. Andrew McDonald
P O Box 661
Gulfport, MS 39502-0661

Mark Orglar
P. O. Box 2408
Gulfport, MS 39505-2408

Sherry Owen
2208 18th St., Ste. D
Gulfport, MS 39501

So certified, this the 4th day of April, 2013.

/s/ Les W. Smith

PAGE, MANNINO, PERESICH
& MCDERMOTT, P.L.L.C.
759 Vieux Marche
P. O. Drawer 289
Biloxi, MS   39533
Telephone No. (228) 374-2100
Facsimile No. (228) 432-5539